ROBERT HUBLER v. JOHNSON-MCLEAN COMPANY.

FILED NOVEMBER 11, 1905. No. 13,956.

1. **Master and Servant: CONTRIBUTORY NEGLIGENCE.** In an action for personal injuries, where the plaintiff is charged with contributory negligence, evidence of an unfounded belief on his part as to a condition which caused the injuries is immaterial, where it appears that he might have known, and that a due regard for his own safety required him to know, the truth.

2. **Directing Verdict.** Evidence examined, and *held* that a motion to direct a verdict against the plaintiff was properly sustained.

ERROR to the district court for Douglas county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Cooper & Dunn,* for plaintiff in error.

*Wharton, Baird & Sons* and *T. J. Mahoney, contra.*

ALBERT, C.

While the plaintiff was in the employ of the defendant and at work in its planing-mill, his hand was lacerated and maimed by a saw in use in the mill, and this action was brought by him to recover damages therefor, on the theory that his injuries were the result of negligence on the part of the defendant. When the plaintiff rested, the court directed a verdict against him. Judgment was given accordingly. The evidence shows that the injuries were inflicted by a rip-saw, which was a part of the machinery of the mill. This saw was about two feet in diameter, and was placed at the center of a platform, extending north and south six feet, and east and west three and a half feet. The platform was attached to a framework at the ends and sides, consisting of pieces about four inches wide. About midway between the ends, and midway between the sides of the platform, there was a groove or opening extending parallel with the sides of the table, through which the saw projected some inches above the platform. Immediately under the framework of the platform was another framework of about the same length and width, and with like side and end pieces, but differing from the former in that a piece extended north and south from one end to the other, about midway between the sides. The shaft on which the saw hung was attached to this piece. The platform was movable, and by raising or lowering it the height of the saw above it could be adjusted to the thickness of the lumber to be cut. When the maximum height was desired, the platform was lowered until the end and side pieces of its framework rested on the corresponding

end and side pieces of the frame below. At the time of the accident, the defendant's foreman, the sawyer, who operated the rip-saw, and the plaintiff, who appears to have been employed only to carry lumber to and from this saw and the planing-machine, were at work about the rip-saw. A new saw had been put in and a piece of lumber was placed upon the platform to be sawed, the saw set in motion and the lumber cut a few inches, when it was discovered that the platform should be lowered to accommodate the cutting height of the saw to the thickness of the lumber. The lumber was removed, and, without stopping the saw, an attempt was made to lower the platform. It was discovered that sawdust had accumulated on the framework below, so that the platform could not be lowered as required. The foreman then ordered the sawdust removed. It is not quite clear that this order was directed to the plaintiff, and it appears from his testimony that the removal of the sawdust was not within the scope of his employment. But assuming, as we do for the present purposes, that the order was directed to him, the plaintiff proceeded to execute it, and while thus engaged his hand came in contact with the moving saw, and as a result he received the injuries in question. The plaintiff had been employed about this machine some five or six weeks preceding the accident, and had been employed about the mill on former occasions, in all about six months. His testimony shows that he knew the saw was in motion when the order was given, and that he neither heard nor saw anything to indicate that it was to be stopped, or had been stopped, up to the time of the accident.

It is insisted that the facts stated bring this case within a rule stated in *Chicago, R. I. & P. R. Co. v. McCarty,* 49 Neb. 475, which is as follows:

"When a master gives a servant a command requiring the doing of an act not within the usual scope of the servant's duty, which must be performed at once or not at all, without opportunity for deliberation, the servant is not charged with contributory negligence, even though

there may have been danger apparent to him in the performance of the act, unless the danger was so patent that a prudent man would not have obeyed."

The two cases are hardly parallel. In that case the order to the employee, who was a common laborer, was to board a moving train. It was one that had to be obeyed instantly, if at all, and left no opportunity for deliberation. It required the employee to perform the act, dangerous in itself, under the circumstances shown in the case, and obedience to it involved grave risk to the employee in spite of all precautions he could take for his own safety. In the case at bar, the precise act ordered was not of itself dangerous. It involved no risk of any consequence to one knowing the position of the saw and that it was in motion, and acting with due regard for his own safety. The order was not like that in the other case, which had to be obeyed instantly, if at all, but allowed time for deliberation, and the taking of due precautions by the employee to guard against injury. The plaintiff knew the position of the saw, and that it was in motion when the order was given. His evidence shows no reason for a belief on his part that it had been stopped. As a reasonable being, of mature years, he must have known the danger of coming in contact with it. Although within a few inches of the saw, and in a position where, by the slightest effort, he might have seen and known whether the saw was in motion, he did not look, and seems to have taken no steps whatever to inform himself. The answer charges the plaintiff with contributory negligence. As was said in the case just cited: "The test of contributory negligence in such cases, as in others, is whether the servant in obeying conducts himself as a man of ordinary prudence would conduct himself under the circumstances." Tested by that rule, the facts disclosed by plaintiff's own testimony show, in our opinion, such a degree of negligence on his part as to preclude a recovery, and that the court properly directed a verdict against him.

Complaint is made because the court excluded testimony

offered on behalf of the plaintiff to the effect that it was customary to stop the saw while adjusting the platform. It is not claimed that the plaintiff was aware of any such custom. On the contrary, his own evidence shows that he did not remember ever having seen the platform adjusted, save on this particular occasion. The evidence was offered for the purpose of showing negligence on the part of the defendant. But, while we do not pass upon that question, we may assume, for present purposes, that negligence on the part of the defendant is conclusively established, and yet the plaintiff is not entitled to recover because his own negligence, as it appears to us, was the proximate cause of his injury.

Complaint is also made because the court excluded certain evidence tending to show that the light in the room where the saw was operated was insufficient. The evidence would not have saved the case, had it been admitted, because the only reasonable inference to be drawn from the plaintiff's testimony is that he could have seen the saw, had he looked for it, and that he failed to see it simply because he failed to look. If there was any error in the exclusion of this testimony, it was error without prejudice.

It is also insisted that the court erred in refusing to permit the plaintiff to state what his belief was at the time of the accident, as to whether the saw was in motion or not. His mere unfounded belief as to a condition which caused the injury is wholly immaterial, where it appears that he might have known, and that a due regard for his own safety required him to know, the truth. To act upon such a belief in the face of the facts and circumstances within his knowledge would of itself be negligence.

The further complaint is made that the court refused to permit the plaintiff to read certain portions of a deposition of a witness taken and filed on behalf of the defendant. Without going into other matters urged in justification of the ruling on this point, it will suffice to say that the

evidence offered tended to prove nothing which we have not assumed in the discussion of this case, and nothing which, had it been admitted, could have changed the result.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.